IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELTA L. EADY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 02-cv-1225-MJR |
| ) | |
| **BUREAU OF PRISONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Now before the Court is *pro se* Plaintiff Delta L. Eady's Objections to Magistrate Judge's Recommendations/Proposed Findings of Fact (Doc. 119). Plaintiff objects to Magistrate Judge Proud's Order of August 25, 2006, denying Plaintiff's Motion to File Second Amended Complaint. In said Order, Judge Proud denied Plaintiff leave to file a second amended complaint because the new material therein was not underlined, in violation of this District's Local Rules, SDIL-LR 15.1.

Rule 72(a) of the Federal Rules of Civil Procedure provides, as to non-dispositive motions:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order. . . .

Rule 72(a) further states that the district judge assigned to the case shall "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to

law." *Id.* The Seventh Circuit has explained that Rule 72(a)'s clear error standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." ***Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943-44 (7th Cir. 1997).**

Judge Proud's ruling was neither clearly erroneous nor contrary to law. While the Court must construe a *pro se* plaintiff's pleadings liberally, plaintiff's *pro se* status does not excuse failure to comply with Local Rules. ***See, e..g., Stevens v. Navistar Int'l Transp. Corp*., 244 F. Supp. 2d 906, 910 (N.D.Ill. 2002) (citation omitted)**. If plaintiff wishes to file a second amended complaint, he must underline all new material, in compliance with SDIL-LR 15.1.

Accordingly, the undersigned District Judge **REJECTS** Eady's objection (Doc. 119) and **DECLINES TO SET ASIDE** Judge Proud's August 25, 2006, Order (Doc. 114).

**IT IS SO ORDERED.**

**DATED this 22nd day of September 2006.**


                                        s/Michael J. Reagan
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**