IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELTA L. EADY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **02-1225-MJR** |
| ) | |
| **BUREAU of PRISONS, et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

The following motions to dismiss are now before the court:

- Defendants Bureau of Prisons, Blanford, Carney, Delgado , Garver, Gilkey, Gordon, Grapperhaus, Hershberger, Meadors, Mueller, Perfetti, Quintana, Ruggeri, Sawyer, and Watts' Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 67)**;

- Defendants Ruble and Lashbrook's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 74)**;

- Defendant Neudeck's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 85)**;

- Defendant Hughston's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 89)**;

- Defendant Carter's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 105)**;

- Defendant Kieffer's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 107)**; and

- Defendant Jeter's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 124)**.

1

Delta Eady is an inmate in the custody of the Bureau of Prisons. He filed suit on December 10, 2002, for violation of his Eighth Amendment rights pursuant to ***Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971)**. On preliminary review, the court dismissed a number of his claims. **See, Doc. 6**. On October 17, 2005, before any of the defendants had entered an appearance, plaintiff filed an amended complaint, which was docketed at **Doc. 32**. The amended complaint contains counts denominated as 1, 2, 4, 6, 9, 18, 19, 23 25 and 27.

Plaintiff's original and amended complaints are lengthy and verbose. In a nutshell, he states that, in October, 2000, he was assigned to a yard crew at FCI-Greenville composed of inmates who were medically restricted to light duty, as he was. The crew worked an early shift, and they missed breakfast on some occasions. Eady complained and filed a grievance about missing breakfast. Thereafter, as described on preliminary review, he alleges that defendants engaged in a "vast conspiracy of retaliation against him for his complaints regarding these missed breakfasts (hereinafter, "the dining hall incident"); virtually every employee in the BOP allegedly was a participant in this conspiracy." **Doc. 6, p. 2**.

Unfortunately, when plaintiff filed his amended complaint, he restated numerous claims that had been dismissed on preliminary review. Since the filing of the various motions to dismiss, plaintiff has moved several times for leave to amend his complaint again. These motions have been denied because plaintiff either failed to tender a proposed amended complaint, or his proposed amended complaint was deficient. In these orders, the court has fully set forth the requirements for a proper amended complaint, i.e., the amended complaint may not restate claims that have already been dismissed, or name defendants who have already been

dismissed, and must set forth all of plaintiff's claims in one pleading, and new material must be underlined. **See, Docs. 99, 114, 117, and 123.** Plaintiff has not tendered a proposed amended complaint which is in compliance with these requirements.

### Standard for Determination under Rule 12(b)(6)

In deciding a motion to dismiss under **Fed.R.Civ. P. 12(b)(6)**, the Court must accept as true all the factual allegations made in the Complaint, and must give Plaintiff the benefit of all reasonable inferences to be drawn from those facts. *Antonelli v. Sheahan*, **81 F.3d 1422, 1427 (7th Cir. 1996)**. The motion should be granted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)." *Id.* And, of course, the Court is mindful that *pro se* pleadings must be liberally construed. *Id.*, **and cases cited therein**.

The Court must view the facts in the light most favorable to the non-moving party. The motion should not be granted unless "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, **163 F.3d 449, 452 (7th Cir.1998).**

### Analysis

Plaintiff filed a combined response to all of the motions (except for Jeter's) at **Doc. 110.** He agrees that the Bureau of Prisons should be dismissed as a defendant, and that Counts 4, 9, 19, 23, and 25 should be dismissed in their entirety because those claims were previously dismissed with prejudice. **See, Doc. 110, ¶¶1- 3**. Thus, the only counts that are left for consideration are 1, 2, 6, 18, and 27.

His response also states on page 1 that Hawk-Sawyer, Hershberger, and Watts should be dismissed for lack of personal jurisdiction, but he goes on to argue on page 5 of his memorandum that those three defendants should *not* be dismissed.  The court will therefore consider their motions to dismiss.

In count 1, shorn of the excess verbiage, plaintiff alleges that, on November 20, 2000, defendants Mueller and Grapperhaus wrote him up for violations in retaliation for plaintiff having filed grievances.  He also alleges that, on November 20, 2000, Mueller and Grapperhaus "joined defendants Lashbrook, Delgado and Perfetti retaliatory scheme, which immediately went into effect."  Defendants argue that this count fails to state a claim against Lashbrook, Delgado and Perfetti because it does not allege what retaliatory acts were performed by them.

Liability here is predicated on fault and is personal.  **Vance v. Peters**, **97 F.3d 987, 991 (7th Cir. 1996)**.  In order to state a retaliation claim, the complaint must set forth a chronology of events from which retaliation can be inferred.  **Zimmerman v. Tribble**, **226 F.3d 568, 573 (7th Cir. 2000)**.  On preliminary review, the court found that count 1 of the original complaint stated a claim as to Lashbrook, Delgado and Perfetti by incorporating the allegations of paragraphs 20 and 21.  Those paragraphs in the original complaint alleged that Lashbrook, Delgado and Perfetti retaliated against plaintiff by changing his job assignment.  **See, Doc. 6, p.3.**  In the amended complaint, plaintiff says that he incorporates the allegations of paragraphs 18 and 21.  However, paragraphs 18 and 21 of the amended complaint do not allege any retaliatory acts by Lashbrook, Delgado and Perfetti.  Plaintiff alleges only that Garver, Perfetti, Hughston, Meadors, Osborn, Lashbrook, Callaballo, Mueller and Grapperhaus "grew bitter" towards him and sneered at him.  Obviously, a correctional officer's feelings towards an inmate are not actionable.  Likewise, the

constitution does not protect inmates from being sneered at.  See, **DeWalt v. Carter**, **224 F.3d 607, 612 (7th Cir. 2000)**.  Count 1 should be dismissed as to all defendants except for Mueller and Grapperhaus on the claim that they wrote false misbehavior reports against plaintiff to retaliate against him for filing grievances.

Count 2 again alleges retaliation.  Plaintiff claims that various defendants engaged in a conspiracy to keep him confined to the Special Housing Unit (segregation.)  Although plaintiff has no protected liberty interest in remaining in general population, an action that is otherwise permissible may violate the constitution when it is done to retaliate for a prisoner's exercise of his first amendment rights.  **DeWalt v. Carter**, **224 F.3d 607, 618-619  (7th Cir. 2000)**.  On preliminary review, the court found that count 2 states a claim for retaliation as to Mueller and Grapperhaus for writing false tickets.  These appear to be the same tickets that were alleged in count 1, i.e., the tickets written on November 20, 2000.  The court dismissed count 2 as to Gilkey, Osborn, Meadors, Hughston, Lashbrook, Delgado, Perfetti, Hughs and Nelson with prejudice because plaintiff alleged only that those defendants somehow conspired to keep him in the SHU.  The amended complaint does not correct that deficiency in that it still fails to allege any actions on the part of these defendants.  Plaintiff states only that defendants Gilkey, Osborn, Meadors, Hughston, Lashbrook and Callaballo "tacitly permitted" other defendants to keep plaintiff confined to the SHU.  The allegation that one defendant "tacitly permitted" another to do something does not state a claim, as there is no vicarious liability here**.  Perkins v. Lawson**, **312 F.3d 872, 875 (7th Cir. 2002)**.   The motion should be granted with respect to count 2 as to all defendants except Mueller and Grapperhaus .

In count 6, plaintiff again attempts to restate claims that were dismissed on preliminary

5

review.  Plaintiff alleges that he was consistently placed in end cells in the SHU that were so cold that they had ice covering the windows.  On preliminary review, court dismissed this count with prejudice as to all defendants except Hughston, as Hughston was the one who allegedly ordered that plaintiff be kept in the cold cell.  **Doc. 6, p. 10.**  Again, in the amended complaint, plaintiff alleges that Hughston ordered that he be kept in the cold cell.  As to the other defendants named in this count, he only alleges that Gordon and Kieffer peeped inside the cell to watch him suffer, Jeter, Ruggeri, and Horzewski executed Hughston's order, and Gilkey, Osborn, Meadors, Quintana, Jeter, Ruggeri and Horzewski knew that the end cells were cold.  For the reasons stated in the order on preliminary review, these allegations do not state a claim.  Count 6 should be dismissed as to all defendants except Hughston.

In Count 18, plaintiff claims that Lashbrook, Carney, and Callaballo withheld his personal property and legal materials from him for the period of November 20, 2000, to February 14, 2001.  In the original complaint, this count claimed only that his *persona*l property was withheld.  The count was dismissed because plaintiff's only remedy for such a claim is under the Federal Tort Claims Act.  Plaintiff now alleges that both his legal materials *and* personal property were withheld to discourage him from seeking legal recourse and in retaliation for him filing grievances.  This count states a claim against Lashbrook, Carney, and Callaballo for retaliation only.  It does not state a claim for interference with plaintiff's right of access to the courts, as it does not allege prejudice to any particular litigation.  ***Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992).**  In addition, it does not state any actionable claim as to defendants Gilkey, Osborn, and Meadors, because it alleges only that they failed to respond to cop-outs written to them by plaintiff seeking the return

of his property. This is an allegation of negligence at best, and is not actionable here. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Count 18 should be dismissed except as to the retaliation claim against Lashbrook, Carney, and Callaballo

Lastly, in count 27, plaintiff claims that, on August 17, 2001, he was found guilty of a "retaliatory incident report" written by Ruble. He claims that Whitehouse was the hearing officer, and that Whitehouse deprived him of an impartial proceeding. These allegations are insufficient to state a claim against either defendant, as they do not set forth a chronology of events from which retaliation can be inferred. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). He does not state a due process claim with regard to Whitehouse because he does not allege that he was deprived of any protected liberty interest. **See,** *Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997).

### Recommendation

In summary, the court makes the following recommendations:

1. <u>Defendants Bureau of Prisons, Blanford, Carney, Delgado, Garver, Gilkey, Gordon, Grapperhaus, Hershberger, Meadors, Mueller, Perfetti, Quintana, Ruggeri, Sawyer, and Watts' Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 67)**</u>

This motion should be granted in part and denied in part.

First, plaintiff admits that the motion should be granted as to Counts 4, 9, 19, 23, and 25. Those counts should be dismissed in their entirety with prejudice. As defendants Sawyer, Hershberger, and Watts are named only in those counts, they should be dismissed without further consideration.

Count 1 should be dismissed as to all moving defendants except for Mueller and

Grapperhaus.  Count 2 should also be dismissed as to all defendants except for Mueller and Grapperhaus.  As Counts 1 and 2 allege the same acts by Mueller and Grapperhaus, this court recommends that they be considered as one claim, i.e., that Mueller and Grapperhaus retaliated against plaintiff on November 20, 2000, by writing false disciplinary tickets against him.  Count 6 should be dismissed as to all defendants except for Hughston.  Count 18 should be dismissed as to all defendants except as to the retaliation claim against Lashbrook, Carney, and Callaballo.  Count 27 should be dismissed in its entirety.

2. <u>Defendants Ruble and Lashbrook's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 74)**</u>

**Doc. 74** should be granted except as to the claim against Lashbrook for retaliation stated in Count 18.

3. <u>Defendant Natick's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 85)**</u>

**Doc. 85** should be granted because the amended complaint does not make any allegations as to Defendant Neudeck.

4. <u>Defendant Hughston's Motion to Dismiss Plaintiff's Amended Complaint  **(Doc. 89)**</u>

**Doc. 89** should be granted.  Hughston was named in counts 1, 2, 4, 6, 19, 25.  Plaintiff has agreed that counts 4, 19, and 25 should be dismissed.  For the reasons explained above, counts 1, 2, and 6 should be dismissed as to this defendant.

5. <u>Defendant Carter's Motion to Dismiss Plaintiff's Amended Complaint  **(Doc. 105)**</u>

**Doc. 105** should be granted because the amended complaint makes no allegations at all as Carter.

6. <u>Defendant Kieffer's Motion to Dismiss Plaintiff's Amended Complaint  **(Doc. 107)**</u>

**Doc. 107** should be granted.  Kieffer is named in counts 4, 6, 9, and 19.  Plaintiff has

agreed that counts 4, 9, and 19 should be dismissed. For the reasons stated above, count 6 does not state a claim as to Kieffer.

7.       Defendant Jeter's Motion to Dismiss Plaintiff's Amended Complaint **(Doc. 124)**

**Doc. 124** should be granted. Jeter is named only in counts 4, 6, and 19. Plaintiff has agreed that counts 4 and 19 should be dismissed. For the reasons explained above, count 6 does not state a claim as to Defendant Jeter. **Doc. 124** should be granted in its entirety.

If this Report and Recommendation is adopted in its entirety, only the following claims will remain pending:

> Count 1 and Count 2, which should be construed together as one claim, against Mueller and Grapperhaus for retaliating against plaintiff by writing false misbehavior reports on November 20, 2000;
>
> Count 6, against Hughston for retaliating against plaintiff by ordering that he be placed in a cold cell in the Special Housing Unit; and
>
> Count 18, against Lashbrook, Carney, and Callaballo for retaliating against plaintiff by withholding his legal and personal property.

All other counts and defendants should be dismissed with prejudice.

Objections to this Report and Recommendation must be filed on or before **March 20, 2007.**

**Submitted: March 1, 2007.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**