IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELTA L. EADY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **02-1225-MJR** |
| | ) |
| **BUREAU of PRISONS, et al.,** | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is Defendants' Partial Motion to Dismiss, or, in the Alternative, Partial Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. **(Doc. 135)**. The motion is filed by defendants Mueller, Grapperhaus, Carney, and Lashbrook

Defendants served upon plaintiff the notice required by *Lewis v. Faulkner*, **689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 136)**. Plaintiff asked for and received an extension of time in which to respond to the motion. His response was due on August 22, 2007. **See, Doc. 143.** Plaintiff has failed to file a response.

Delta Eady is an inmate in the custody of the Bureau of Prisons. He filed suit on December 10, 2002, for violation of his Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents*, **403 U.S. 388, 91 S.Ct. 1999 (1971)**. On preliminary review, the court dismissed a number of his claims. **See, Doc. 6**. On October 17, 2005, before any of the defendants had entered an appearance, plaintiff filed an amended complaint, which was docketed

1

at **Doc. 32**.  The amended complaint contains counts denominated as 1, 2, 4, 6, 9, 18, 19, 23 25 and 27.

Plaintiff's original and amended complaints are lengthy and verbose.  In a nutshell, he states that, in October, 2000, he was assigned to a yard crew at FCI-Greenville composed of inmates who were medically restricted to light duty, as he was.  The crew worked an early shift, and they missed breakfast on some occasions.  Eady complained and filed a grievance about missing breakfast.  Thereafter, as described on preliminary review, he alleges that defendants engaged in a "vast conspiracy of retaliation against him for his complaints regarding these missed breakfasts (hereinafter, "the dining hall incident"); virtually every employee in the BOP allegedly was a participant in this conspiracy."  **Doc. 6, p. 2**.

Judge Reagan granted, in whole or in part, the motions to dismiss filed by a number of defendants.  After those rulings, the following claims remain pending:

- Counts 1 and 2, which are construed together as one claim, against Defendants B. Mueller and G. Grapperhaus, for retaliating against Plaintiff on November 20, 2000, by writing false disciplinary tickets against him;

- Count 6, against Defendant E. L. Hughston for retaliating against Plaintiff by ordering that he be placed in a cold cell in the Special Housing Unit; and

- Count 18, against Defendants M. Lashbrook, S. Carney and Ben Callaballo for retaliating against Plaintiff by withholding his legal and personal property.

**See, Doc. 129.**

In the instant motion, defendants move to dismiss Counts 1, 2, and 18 because plaintiff failed to exhaust administrative remedies.

Plaintiff's lawsuit is subject to the Prison Litigation Reform Act of 1996 (PLRA), Title VII of Pub.L. 104-134, 110 Stat. 1321, which was signed into law April 26, 1996.  The PLRA

amended **42 U.S.C. §1997e** to include the precondition that: "No action shall be brought with respect to prison conditions under [42 U.S.C.§1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a).**

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to **42 U.S.C. § 1997e(a)**, while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought; exhaustion which is accomplished during pendency of the case will not suffice. ***See* 42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536. See also, *Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819 (2001); *Smith v. Zachary*, 255 F.3d 446 (7th Cir. 2001).**

Exhaustion requires that a prisoner "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**. Under Section 1997(e)(a), exhaustion is "mandatory" and is required for "any suit challenging prison conditions." ***Woodford v. Ngo*, 126 S.Ct. 2378, 2382-2383 (2006).** In this context, exhaustion means "proper exhaustion;" that is, the inmate must file a timely grievance utilizing the procedures put in place by the prison system. ***Woodford*, 126 S.Ct. at 2385, citing *Pozo, supra*.**

There is an administrative remedy program available to inmates in the Bureau of Prisons. The system is described in detail in defendants' motion. Exhaustion of remedies requires the completion of a four part process, which culminates in an appeal to the Office of General

Counsel in Washington, D.C.  **See, Doc. 135, p.2; 28 C.F.R. §§ 542.10 - 542.15.**

The exhibits attached to defendants' motion establish that plaintiff did not exhaust administrative remedies as to either Counts 1, 2, or 18.  The affidavit of Tracy Knutson, an attorney employed by the BOP, is attached to **Doc. 135.**  The affidavit establishes that Eady filed a grievance which referred obliquely to his claim that he was retaliated against on November 20, 2000, as set forth in Counts 1 and 2..  However, that grievance was not appealed all the way to the Office of General Counsel.  Eady did not file a grievance which mentioned his claim that staff withheld his legal and personal property in order to retaliate against him or in order to deter him from seeking legal recourse, as set forth in Count 18.

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  **Fed.R.Civ.P. 56(c);  see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).**  Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**  Plaintiff has failed to make such a showing here.

<u>**Recommendation**</u>

This court recommends that Defendants' Partial Motion to Dismiss, or, in the Alternative, Partial Motion for Summary Judgment for Failure to Exhaust Administrative Remedies **(Doc. 135)** be **GRANTED**.  Counts 1, 2 and 18 should be dismissed without prejudice pursuant to   ***Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).**

The court notes that one of the defendants named in Count 18, Ben Callaballo, has not been served and has not joined in the motion.  Because the exhibits attached to the motion establish that plaintiff did not exhaust a grievance as to the claim set forth in Count 18, that Count should be dismissed as to Callaballo along with the moving defendants.  See, ***Forman v. Richmond Police Department***, **104 F.3d 950, 965 (7th Cir. 1997).**

If this report and recommendation is adopted in its entirety, the only claim left pending would be Count 6, against Defendant E. L. Hughston

Objections to this Report and Recommendation must be filed on or before **September 17,  2007.**

**Submitted: August 28, 2007.**

        **s/ Clifford J. Proud**
        **CLIFFORD J. PROUD**
        **U. S. MAGISTRATE JUDGE**